# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Second Lieutenant DALTON C. CLARK
United States Army, Appellant**

ARMY 20220541

Headquarters, 1st Infantry Division and Fort Riley
Steven Henricks and Thomas Calhoun-Lopez, Military Judges
Colonel Toby N. Curto, Staff Judge Advocate

For Appellant: Captain Matthew S. Fields, JA (argued); Lieutenant Colonel Dale C. McFeatters, JA; Major Mitchell D. Herniak, JA; Captain Matthew S. Fields, JA (on brief); Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Captain Matthew S. Fields, JA (on reply brief).

For Appellee: Captain Dominique Dove, JA (argued); Lieutenant Colonel Jacqueline J. DeGaine, JA; Major Kalin P. Schlueter, JA; Major Austin L. Fenwick, JA (on brief).

16 April 2024

------------------------------
SUMMARY DISPOSITION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

POND, Judge:

Appellant requests this court set aside the findings where the military judge denied appellant's motion to compel a witness due to untimeliness. Where trial defense counsel filed the motion after the entry of pleas and after the deadline set by the pretrial order, we find the military judge did not abuse his discretion in

determining defense failed to show good cause to file the motion out of time and affirm.[1]

## BACKGROUND

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of child endangerment, five specifications of assault consummated by a battery, and three specifications of obstruction of justice in violation of Articles 119b, 128, and 131b, Uniform Code of Military Justice [UCMJ].[2] The military judge sentenced appellant to a dismissal, confinement for 548 days, and total forfeitures.

The government preferred charges against appellant on 7 September and additional charges on 17 November 2021. On 5 January 2022, eight months before trial, appellant entered pleas of not guilty. Two days later, the military judge issued a pretrial order, setting deadlines for discovery, witness matters, motions, and notices before trial, which was scheduled to begin on 8 August 2022. The pretrial order required the parties to file motions no later than 7 June 2022.

The defense submitted its initial request for the government to produce witnesses on 15 March 2022, the deadline set by the pretrial order. The defense request included Mr. ██. The request, however, failed to include a synopsis of his expected testimony or an address or location as required by R.C.M. 703(c). On 21 March 2022, the defense filed an amended request that included a synopsis for each witness to include Mr. ██ whom the defense proffered would testify to "pertinent character traits" but only listed his phone number. The next day, 22 March 2022,

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), to include his claim of ineffective assistance of counsel. While we conclude defense failed to show good cause in this case, we do not find appellant has met his burden to show defense counsel's performance was deficient or that any such performance was prejudicial. We find the remaining matters personally raised merit neither discussion nor relief.

[2] The panel acquitted appellant of five specifications of willfully disobeying a superior commissioned officer, four specifications of assault consummated by a battery upon his spouse, and one specification of obstruction of justice, in violation of Articles 90, 128, and 131b, UCMJ. Appellant was also found not guilty of one specification of assault consummated by a battery upon his spouse after the military judge granted defense counsel's motion to dismiss pursuant to Rule for Courts-Martial [R.C.M.] 917.

the government denied defense's request to produce Mr. ██ because they were unable to confirm his contact information but stated they would reevaluate if defense confirmed the contact information was correct.

On 9 June 2022, two days after the deadline for filing motions, defense requested the government produce Mr. ██, stating they had hired a private investigator who found Mr. ██, confirmed he would testify on the merits about the character of the alleged victim (AV), appellant's former spouse, and provided Mr. ██'s current city and state and phone number. On 16 June 2022, the government denied defense's request after making "multiple attempts each day since receiving the Defense request to call Mr. ██ at the phone number provided . . . to no avail."

On 29 June 2022, twenty-two days after the motions deadline, the defense for the first time notified the court of the issue with Mr. ██ by filing a motion to compel his production for trial. To the motion the defense attached a lengthy email, which appeared to be from Mr. ██, detailing his romantic and tumultuous relationship with the AV and his opinion of her character and writing the statement was "completed on 3/3/2021." The government responded, arguing the defense had failed to show good cause for the court to consider the motion out of time and had failed to show Mr. ██ was relevant and necessary where eight other defense witnesses would also testify to the AV's character. The military judge informed defense they would need to show good cause for filing the motion out of time before he would consider it. The defense filed a supplemental motion including their justification for filing the motion after the deadline, stating they were unable to reach Mr. ██ until their private investigator contacted him on 9 June 2022. They further stated:

> [W]e needed the following time periods to elapse:
>
> (1) 21 March-1 April: to realize that [the witness's] original contact information was invalid;
>
> (2) 1 April-9 June: to investigate his updated information;
>
> (3) 9 June-24 June: to allow the Government adequate time to attempt his updated contact information and conclude he was non-responsive; and
>
> (4) 24 June-29 June: to determine the need for a motion to compel and draft it.

The defense filed a second supplement to their motion, arguing Mr. ██'s testimony was not cumulative, because all the other character witnesses were appellant's family members whereas Mr. ██ formed his opinion in complete isolation from appellant's family and had no interest in appellant's exoneration.

3

The military judge then denied the defense's motion to produce Mr. █ stating the court was not convinced the defense had shown good cause for filing the motion out of time.

## LAW AND DISCUSSION

Under Rule for Courts-Martial 905, certain motions—to include motions for production of witnesses—must be raised before a plea is entered. If a party fails to make a motion before the entry of pleas, the military judge may permit a party to make a motion outside of the rule's timelines "for good cause shown." R.C.M. 905(e). A pretrial order will often set deadlines to file motions after the entry of pleas. The court's order, itself, is the good cause to file after pleas are entered. But should a party fail to meet the deadlines of a pretrial order after entering pleas, the party bears the burden to show good cause for the untimeliness.

"We review a military judge's determination as to whether there was 'good cause' shown for an abuse of discretion." *United States v. Givens*, 82 M.J. 211, 215 (C.A.A.F. 2022) (citing *United States v. Jameson*, 65 M.J. 160, 163 (C.A.A.F. 2007)). This standard "is a strict one, calling for more than a mere difference of opinion." *Givens*, 82 M.J. at 215 (citation omitted).

Here, the defense, as the moving party, bore the burden of proof and persuasion under R.C.M. 905(c) to show good cause for failing to meet the deadlines set forth in the court's pretrial order. While the defense proffered a timeline, the timeline did not elucidate what steps defense took to investigate Mr. █ s location prior to their private investigator contacting him on 9 June 2022, which was two days *after* the motions deadline, five months *after* the court's issuance of the pretrial order, and ten months *after* preferral of the original charges. Mr. █ was not a surprise witness—someone defense had just discovered. Mr. █ wrote his lengthy statement in March of the previous year and defense listed him as a witness on their initial request as early as 15 March 2022.[3] The defense stated they were investigating Mr. █ s information from 1 April until 9 June but provided no more details about the actions they took to locate Mr. █ during those two months, or when they hired the private investigator, or what other hurdles their due diligence failed to overcome.

---

[3] While not before the military judge when he made his ruling, we note that civilian defense counsel proffered at trial that Mr. █ had testified on appellant's behalf at his divorce proceedings from the AV, which were complete sometime before 20 September 2021. We also note the record seems to indicate Mr. █ emailed appellant his statement the same date he wrote it.

4

Appellant relies upon *United States v. Brown*, 28 M.J. 644 (A.C.M.R. 1989) where the court found the military judge erred in denying the defense's motion for witness production based solely on untimeliness. But *Brown* is distinguishable in a significant respect. In *Brown*, the military judge had not set deadlines for witnesses. The court noted under R.C.M. 703, the military judge may set a specific date for when witness requests must be submitted and that in most jurisdictions, military judges do this through their rules of court, but that there was no mention of any rules of court in effect at Brown's court-martial. *Id.* at 647, 647 n.9. Thus, the only requirement was that the witness requests be submitted in reasonable time to allow their production at trial. And where the witnesses were members of Brown's unit, located a three-hour drive from the court-martial, and the defense submitted a proper witness request forty-eight hours before trial, and had given the government written and verbal notice days before that, the court found the military judge's denial based solely on untimeliness was error. *Id.* at 647

But here, unlike *Brown,* the military judge issued a pretrial order setting deadlines for trial to include witness requests and motions. Here, unlike in *Brown*, the requested witness was not a soldier stationed three hours from the site of the court-martial but a civilian who would likely have to be subpoenaed for trial and was nonresponsive to both parties' attempts to contact him. More importantly, the defense failed to adequately show what efforts they had made to find Mr. ███well before the deadlines set forth in the court's pretrial order.

A court's deadlines are not frivolous, nor are the orders they issue. The military judge's role is to exercise reasonable control over the proceedings to promote the purposes of the Rules and Manual for Court-Martial, which in turn, are intended to "provide for the just determination" of every court-martial proceeding and "simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." *See* R.C.M. 801; R.C.M. 102. Compliance with a court's pretrial order is crucial to that purpose and the administration of justice. Failing to enforce the deadlines therein would render both the order and the military judge's role, in promoting efficiency and fairness, essentially toothless. But the rules do not promote a draconian adherence to deadlines. A party has recourse when they can show good cause. In appellant's case, the defense provided a reason for the late filing. We find, however, the military judge did not abuse his discretion in determining, in light of the circumstances, that it was not a good one.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.[4]

Senior Judge WALKER and Judge PARKER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[4] The Judgment of the Court is amended to reflect "20220541" in the ACCA case number block and the Statement of Trial Results Segmented Sentencing Worksheet, as incorporated into the Judgment of the Court, is amended to reflect "3" instead of "4" in the Specification # block for Additional Charge II.